JERRY DECKER, Respondent, v. I. N. CAIN, Appellant.

No. 3284; March 21, 1874.

Sale—Change of Possession.—A Sale, in Order That Its Subject may not be open to seizure for the debts of the seller, must be followed by a change of possession.

APPEAL from Tenth Judicial District, Colusa County.

This was an action of replevin to recover a lot of cattle claimed by the plaintiff to be his. They had been taken by a sheriff in execution of a judgment against brothers of the name of Schultz and when seized were, with many other cattle variously owned, on an island occupied by one of the brothers and were branded with the Schultz private mark. The claim was that this Schultz had sold them to Decker, July 4, 1868; however, in the bill of sale given in the transaction the consideration was a promissory note payable in two years. The judgment on which the execution had issued had been recovered June 4, 1868. Decker lived in another county from that of Schultz's residence, was his brother in law and had been his partner in business.

Whiteside & McQuaid and I. O. Goodwin for respondent; Eastman & Merrill and W. F. Goad for appellant.

RHODES, J.—The evidence in this case is insufficient to show such an immediate delivery, and actual and continued

change of the possession of the property, as is required to satisfy the statute of frauds.

Judgment and order reversed and cause remanded for a new trial.

We concur: Crockett, J.; Niles, J.; McKinstry, J.